IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 12 |
| DAVID J. BUCHANAN, ) | |
| ) | |
| ) | Bk. No. 08-13369 (BLS) |
| ) | |
| Debtor. ) | |

| | |
|---|---|
| DAVID J. BUCHANAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 09-366-SLR |
| ) | |
| TRUSTEE MICHAEL B. JOSEPH, ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of March, 2010, having reviewed the appeal filed by David J. Buchanan ("Buchanan"), and the papers filed in connection therewith;

IT IS ORDERED that the appeal is denied. The decision of the bankruptcy court dated February 24, 2009 is affirmed, for the reasons that follow.[1]

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's

---

[1]Accordingly, Buchanan's motion to expedite (D.I. 15) is denied as moot.

findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a *de novo* basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.**[2] On December 17, 2008, Buchanan filed, pro se, a voluntary petition under chapter 12 of the bankruptcy code in the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Action").[3] Buchanan listed the Farm on

---

[2]The record reflects that "Buchanan has filed at least eight separate actions" with the Delaware Supreme Court "all of which stem from his dissatisfaction with the Family Court's disposition of his and his former wife's ["Richards"] marital property. (D.I. 8 at ex. 2, § (2)) Buchanan and Richards were parties to a Family Court action that included the dissolution of their marriage and a division of marital property, including real property ("the Farm"). On July 25, 2008, the Farm was sold, pursuant to a Family Court order dated July 9, 2008. (*Id.* at ex. 1)

[3]Buchanan filed for bankruptcy relief on two prior occasions: (1) on August 24, 2004, Buchanan filed a chapter 13 case which was dismissed with prejudice on December 1, 2006. In the dismissal order, Buchanan was banned from filing any additional bankruptcy cases for two years; and (2) on November 5, 2007, Buchanan filed his first chapter 12 case, which was dismissed on December 14, 2007.

Schedule A of his schedules.[4] (D.I. 8, ex. 4) The creditors listed in the schedules were paid from the proceeds of the sale of the Farm. (*Id.*)

3. On December 19, 2008, Michael B. Joseph, Esquire (the "Trustee") was appointed as the chapter 12 Trustee. The Trustee filed a motion to dismiss Buchanan's case on January 23, 2009. On January 26, 2009, Buchanan filed an adversary action against Richards "to avoid transfer of interest in real estate, property and other equitable interest belonging to debtor."[5] (Bankruptcy Action, D.I. 12)

4. The bankruptcy court held a hearing on February 24, 2009, wherein Buchanan's mother appeared to oppose the Trustee's motion to dismiss.[6] (D.I. 22, 24) After argument and consideration of the substantial submissions made by Buchanan, the bankruptcy judge stated:

> Okay. Does anyone wish to be heard in connection with the motion? Okay. I have reviewed the Trustee's motion, I have also reviewed the objection of Joan Buchanan and I have also reviewed the substantial submission from the chapter 12 debtor. I will grant and approve the Trustee's motion and I will dismiss the chapter 12. As a threshold matter I noted that there is no meaningful purpose under chapter 12 to be served in this case. And it also appears from the record in this case that the purpose of the proceeding is to reconsider, relitigate or review proceedings that have taken place over many, many years in the Family Court of the State of Delaware. I also note with respect to the objections submitted by Joan Buchanan that she challenges the legitimacy of the sale that took place pursuant to an order of the Family Court.

---

[4]By this time, the Farm had already been sold (July 25, 2008).

[5]Buchanan alleges, in part, that Richards, the Family Court, Delaware State Police officers and others fraudulently transferred the Farm in violation of his due process rights and without paying just compensation.

[6]Apparently, because Buchanan was (and still remains) an incarcerated state prisoner, he was not present at the hearing. (D.I. 7)

> Ms. Buchanan is not a debtor in this court. To the extent that she had an interest in property that was conveyed by virtue of the Family Court Order, that is an issue between her and the seller of the property and the third party purchaser of the property, none of whom are debtors. So based upon that it does not appear to me that there is any legitimate purpose to be served by the chapter 12 case, and the case will be dismissed.

(D.I. 20)

5. **Discussion.** Chapter 12 of the bankruptcy code, 11 U.S.C. § 109(f) provides that "only a family farmer . . . with regular annual income may be a debtor under chapter 12." A family farmer is defined, inter alia, as

> [an] individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $3,544,525 and not less than 50 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed . . .

11 U.S.C. § 101(18)(A). Moreover, "family farmer with a regular annual income" means a family farmer "whose annual income is sufficiently stable and regular" to enable regular payments under a chapter 12 plan. 11 U.S.C. § 101(19).

6. The undisputed record reflects that Buchanan instituted the underlying action after the Farm had been sold and, therefore, did not own property upon which he would be able to conduct farming operations. Although Buchanan disputes the sale of the Farm, the record reflects the sale was made pursuant to a Family Court order and, at the time he filed the underlying bankruptcy action, Buchanan held only an interest in the proceeds from the sale of the Farm.

7. Assuming the Farm had not been sold, however, Buchanan still would not qualify for chapter 12 protection because, as an inmate, he would not have been able to

engage in any farm operations or generate farm income from prison. Further, in light of his incarceration, Buchanan would not have had a sufficiently stable annual income necessary to make payments under a chapter 12 plan.

8. Buchanan also argues that the adversary action he initiated against Richards prior to the bankruptcy court ruling on the Trustee's motion to dismiss prevents the underlying bankruptcy action from being dismissed. Buchanan contends that, if the adversary action is successful, he will once again own the Farm and qualify for protection under chapter 12.

9. Generally, the dismissal of a bankruptcy action should result in the dismissal of all remaining adversary proceedings.[7] *In re Stardust Inn, Inc.*, 70 B.R. 888, 890 (Bankr. E.D. Pa. 1987). This is "particularly true of adversary proceedings which are related to the bankruptcy case, for the related proceedings can only be heard by a bankruptcy court because of their nexus to the debtor's bankruptcy case." *Id.* (citations omitted). Certain situations, however, may not mandate dismissal of all adversary actions. *Id.* (judicial economy, fairness and convenience to the parties all state law issues are factors to consider on whether to retain jurisdiction).

10. Buchanan's adversary action is replete with his claims of wrongdoing by Richards and the Family Court. He challenges the sale of the Farm and alleges misconduct occurred throughout the process of the dissolution of marital property. These very issues have been litigated and reviewed on multiple occasions in the Delaware State court system. (D.I. 8, ex. 1-3) The assertions Buchanan submits fail to

---

[7] 11 U.S.C. § 349.

5

implicate any reason to reverse the bankruptcy court's February 24, 2009 dismissal of the action.[8]

_____
United States District Judge

---

[8] In light of the conclusions outlined above, the court declines to reach whether Buchanan complied with Bankruptcy Rules 8002 or 8006.