IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DAVID J. BUCHANAN,<br><br>Debtor. | ) <br>) Chapter 12 <br>) <br>) <br>) Bk. No. 08-13369 (BLS) <br>) <br>) |

| | |
|---|---|
| DAVID J. BUCHANAN,<br><br>Appellant,<br><br>v.<br><br>TRUSTEE MICHAEL B. JOSEPH,<br><br>Appellee. | ) <br>) <br>) <br>) <br>) Civ. No. 09-366-SLR <br>) <br>) <br>) <br>) |

**MEMORANDUM ORDER**

At Wilmington this 10th day of March, 2011, having considered petitioner David Buchanan's ("Buchanan") petition for writ of mandamus and injunction, and the papers filed in connection therewith;

IT IS ORDERED that said petition (D.I. 28) is denied, for the reasons that follow.

1. On May 21, 2009, Buchanan filed this appeal of a bankruptcy court decision. (D.I. 1) The court denied the appeal and affirmed the bankruptcy court's decision on March 22, 2010. (D.I. 23) Subsequently, the court denied Buchanan's request for reargument, dismissed the appeal and closed the case. (D.I. 29)

2. Buchanan now moves for mandamus relief, asserting that the respondents[1] have violated his "established Constitutional rights" and willfully violated 11 U.S.C. 362(a).[2] (D.I. 28) He requests that the Delaware Superior Court and the Delaware Family Court be ordered to take notice of a bankruptcy decree and return all property taken in violation of the bankruptcy stay. Buchanan requests that the "State Police" and the "Federal Police" be ordered to stop interfering with his Constitutional rights to property, equal protection of laws, and right to be free from excessive bail, fines and incarcerations due to malicious prosecution. (*Id.* at 4, 6)

2. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an extraordinary remedy to be utilized only in the clearest and most compelling cases. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The exercise of the power of mandamus is a matter committed to the sound discretion of the court and the remedy is to be restricted to exigent circumstances. *Whitehouse v. Illinois Cent. R. Co.*, 349 U.S. 366 (1955).

3. Jurisdiction granted to federal district courts under § 1361 is limited to mandamus actions seeking to compel federal officers and employees to perform ministerial duties. *Lebron v. Armstrong*, 289 F. Supp.2d 56, 58 (D. Conn. 2003);

---

[1] By this petition, Buchanan has listed the following as "respondents:" (1) Delaware Superior Court; (2) Delaware Family Court; (3) David J. Richards; (4) William A. Wallace; (5) Joseph R. Bidden, III; and (6) et al. (D.I. 28)

[2] Automatic stay provision of the bankruptcy code.

2

*Robinson v. People of the State of Illinois*, 752 F. Supp. 248, 248-49 (N.D. Ill. 1990). Federal courts have no general power to compel action by state officers, including state judicial officers. *Robinson*, 752 F. Supp. at 248-49; *see, e.g., U.S. ex rel. Chapman v. Supreme Court of Pa.*, 151 F. Supp. 681 (W.D. Pa. 1957). In light of this authority, Buchanan's petition for mandamus is denied.

_____
United States District Judge